ORIGINAL COPY

71,799-03
02

Carlos Guadalupe Cantu 01251594
899 FM 632 Connally unit
Kendy Texas 78119

Jan. 6, 2015

court Of Criminal Appeals
PO. Box 12308
Capital Station
Austin texas 78711

Dear Clerk

Please file this motion and bring to the attension of the court, Applicant files this his motion in Resquest that this court court Vacate his nule and viod life sentence, and 99 years in Cr-3257, count one and two. and correct his judgment to the 35 years as stated by the respondant, and so that a appeal of the trial courts judgement may be taken.

Please bring this motion to the attension of the court for a ruling.

Carlos guadalupe Cantu

*Carlos Guadalupe Cantu*



MOTION DENIED
DATE: 2-11-15
BY: PC

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 09 2015
Abel Acosta, Clerk

CAUSE NO. CR-3257-03-H (1)

CAUSE NO. CR-3257-03-H (2)

In The Texas Court Of Criminal Appeals

Austin Texas

---

Carlos Gudalupe Cantu

V.

State Of Texas

---

Applicant Motion In Request That This Court Correct

judgment, Vacate Life Sentence and 99 Years, In Its Entirety

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Now comes Carlos Guadalupe Cantu, and files this his Motion to correct judgment in cause number CR-3257-03-H (1) and (2). The applicant will show this court that he had original filed an application for Writ of Habeas Corpus Article 11.07. In the 389th. Judicial District Court of Hidalgo County, Texas, challenging a Capital Life Sentence for count one and a 99 year sentence for Attempted Capital Murder, count two. Applicant's plead before the court jury was not guilty to both counts.

The respondant filed a response to the applications requesting relief be denied. This court then issued a remand order in CR-3257-H, however, did not specificly show in its White Card sent to applicant whether it was for count one Capital Murder Life sentence or count two Attempted Capital Murder 99 year sentence.

1.

This court then on May 27, 2009 issued a White Card stating that on this day the court has received the Clerks Supplimental Record, in response to the Remand Order issued by the court , and it has been presented to the court Writ-71,799-01 Trial GT No.: CR-3257-03-H.

Further on May 27, 2009 this court issued a second White Card now stating that on this day the application for 11.07 Writ of Habeas Corpus has been received and presented to the court now Writ 71,799-02 Trial Ct. No. CR-3257-03-H (1) now count one.

This court then denied applicant's Writ of Habeas based on a Supplimental Record of the court Clerk, who failed to provide applicant with a copy of any Supplimental Record filed on applicant's behalf. The applicant was denied by this court and the trial court to review or challenge any Supplimental Record provided by the court clerk for which this court denied applicant relief of his Capital Life Sentence for Capital Murder, and 99 year sentence for Attempted Capital Murder, trial court Cause CR-3257-03-H count one and two.

The applicant then persude with his Federal Writ of Habeas Corpus 2254, and the respondant again failed to address the claims raised in his state and federal applications, and requested the federal 2254 application be denied and dismissed pursuant to the A.E.D.P.A. one year time limitation. The Federal District Court dismissed his application pursuant to the A.E.D.P.A. And has further ruled that applicant need not file a second application.

The applicant further pursued with a C.O.A to the United States Court of Appeals 5th. Ciruit and his C.O.A. was denied. The applicant would submitt to this court that the federal District courts jurisdiction was limitted to time-bared issues only for which a C.O.A. could be granted for.

This fact was because the state trial court and this court have failed to address the claims raised in the state application 11.07 and the federal writ of Habeas Corpus, preserving the claims for state court review. Thereby limiting a COA ruling to time bared issues only, whereas the state has not waived the claims.

The applicant then filed a second application for Writ of Habeas Corpus art 11.07 in hope that the state court would address the claims raised and presented the court with other cause numbers that he just learned of that enterwind with his Capital Murder and Attempted Capital Murder in cause number CR-3257-03-H count one and two. The respondant filed a response to application number CR-3257-03-H(2). And in his response he states that on April 3, 2003 that applicant was indicted for the offense of Capital Murder, and that on January 10, 2007, applicant plead guilty to the lesser offense of Murder and was sentence by the trial court to 35 years. This is not a true statement applicant did not plead guilty in cause number CR-3257-03-H count one or two which was capital murder and attempted capital murder, life sentence and 99 year sentence. The applicant clearly demonstrated in his first application that he was entitle to a reversal and remand of his life sentence and 99 year sentence for count one and two the convictions he is alleged to be convicted by jury trial in an actual arraignment proceeding. And the fact is a reversal and remand was issued. However, due to a clerks supplimental brief filed in response to a remand order. Applicant was denied to challenge suppliment clerk record.

The applicant would show this court that he has infact prevailed in the reversal of his capital life sentence and 99 year sentence in cause number CR-3257-H count one and two. Two nule and viod judgement of the trial court holding a 35 year sentence in cause number CR-870-02-0 JP 3 1 for which is also a capital murder alias conviction of the state applicant is being denied to challenge.

And therefore this court must reverse the trial court's life sentence judgement, count one and the 99 year judgement count two in cause number CR-3257-03-H count one and two.

3.

And order the respondant to address the claims raised. The responant failed to address the claims in his second application, for which was a successive application clearly demonstrating an entitlement to relief. However respondant went on to alleged that applicant was sentence to 35 years on a plead of guilty for a lesser included offense of murder on January 10, 2007. And that relief be denied by this court. This court then denied based on this alleged statment of the court's facts made by respondant. Stating that applicant only has a 35 year sentence for count two in CR-3257-H count two.

The applicant then filed a Speaking Motion in this court for this court to Order the Texas Department of Criminal Justice to correct his sentence to 35 years as alleged and persuant to the respondant's response to application CR-3257-03-H count two. This court denied to issue an order to TDCJ to correct his sentence to 35 years as respondant states applicant received on January 10, 2007 for a lesser offense of Murder. However, then denied applicants writ of Habeas Corpus based on this 35 year sentence alleged by respondant in CR-3257-03 Count two.

Applicant would present this motion to the court that he needs a ruling by this court to declare his nule and viod life sentence for count one invalid and his nule and viod 99 year sentence for count two in cause number CR-3257-03-H count one and two invalid. This court has the jurisdiction to remand the case back for a sentencing trial and to order the the trial court to respond to the claims raised in the application. Whereas the federal courts have ruled that applicant need not file a second application 2254 in case number CR-3257-03 count one and two. Applicant needs the states highest court to correct his sentence and issue a new judgment for which an appeal could be taken from or to deny his motion to where applicant could proceed to the Federal District for relief demonstrating his enterwined cause numbers by the states court to deprive one from fairly challenging a state judges sentence of conviction depriving him of his rights, misleading him with the cause of action.

4.

The applicant would submit that this court did not properly rule on his speaking motion. This court denied CR-3257-03- count 2. And by respondant's facts presented to the court, CR-3257-03 count 2 is a 35 year sentence. However, the fact is that this court should have declared his life sentence invalid, count one in CR-3257-03 and 99 year sentence count two in CR-3257-03, and remand the case back to a sentencing trial in CR-870-02-Q Jp 3-1.

In the states pending indictment returned by the jury for a lesser offense of murder, the applicant would submit that this case in CR-870-02-Q JP would be the case respondant claims a 35 year sentence was imposed by the trial court on January 10, 2007. Applicant needs this court to vacate his life sentence and 99 year sentence in CR-3257-03 count one and two, order his sentence and judgement of the trial court to reflect the 35 years in CR-870-02-Q-JP 3-1, where he may take an appeal from this judgement.

And so that a Habeas Corpus need not be filed for denial of appeal in CR-870-02-Q- JP.3-1.

## PRAYER

**The applicant prays that this court vacate** and declare his life sentence for Capital Murder and 99 year sentence for Attempted Capital Murder invalid, and issue an order to correct his sentence to the 35 year judgememt of the trial court, so a direct appeal of his judgement may be taken.

## OATH

I Carlos Cantu Guadalupe, do declare under the penalty of perjury that the above foregoing contents stated within this his Motion to Correct Sentence is True and Correct to the best of my knowledge pursuant to V.A.C.C.P. Art. 11.14 (5), and TEX. CIV. PRAC. and REM. CODE § 132.001 thur 132.003.

Executed on this 6th. day of January 2015 .

Respectfully submitted

*Carlos Guadalupe Cantu*

Carlos Cantu Guadalupe
Connallu Unit
899 F.M. 632
Kenedy, Texas 78119

5.